I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 10-23-12

DEPUTY CLERK



"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

OCT 23 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN LESO FERNANDEZ,<br><br>Petitioner,<br><br>vs.<br><br>J. TIM OCHOA, Warden,<br><br>Respondent. | Case No. EDCV 12-1409-DDP (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a California state prisoner currently serving a life sentence for second degree murder. On July 18, 2012, he filed a Petition for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Southern District of California. Since the Petition purported to challenge the outcome of a subsequent parole consideration hearing held at petitioner's place of incarceration in the Eastern Division of the Central District of California, the Petition was transferred to the Central District and filed here on August 22, 2012.

The parole consideration hearing at issue took place on May 12, 2010 before a two-member panel of the Board of Parole Hearings (the "Board"). Petitioner was represented by counsel. A Riverside County Deputy District Attorney and two next-of-kin of the victim also were present. After examining petitioner about various matters and affording him and his counsel the opportunity to be heard, the Board

panel advised of its conclusion that petitioner was "not suitable for parole and would pose an unreasonable risk of danger or a threat to public safety if released from prison at this time." The panel also explained the basis for its parole denial. Further, the panel found that petitioner required at least an additional ten years of incarceration. (See Transcript of May 12, 2010 parole consideration hearing, attached to the Petition.)

It appears from the Petition and attachments thereto that petitioner filed habeas petitions in turn in the Riverside County Superior Court, the California Court of Appeal, and the California Supreme Court, each of which was denied.

Petitioner is making the following claims herein:

1. "The state courts' decision that sanction the Board of Parole Hearings' decision denying petitioner's parole is an unreasonable application of California's some evidence requirement as promulgated by In re Lawrence and In re Shaputis."

2. "Petitioner's 17-year old gang affiliation provide little, if any, predictive value conducive to petitioner's current dangerousness."

3. "The predictive value of the commitment offense is questionable after 17 years and does not form a nexus that establishes current dangerousness."

Preliminarily, the Court notes that, to the extent petitioner is claiming that the Board's denial of parole violated California constitutional, statutory, regulatory, and/or decisional law, his claims are not cognizable on federal habeas review. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (reiterating that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); Smith v. Phillips, 455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) (federal courts "may intervene only to correct wrongs of constitutional dimension"); Langford v. Day, 110 F.3d

1380, 1389 (9th Cir.) ("We accept a state court's interpretation of state law, . . . and alleged errors in the application of state law are not cognizable in federal habeas corpus."), cert. denied, 522 U.S. 881 (1997).

To the extent petitioner purports to be relying on Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) for the propositions (a) that "due process challenges to California's application of the 'some evidence' requirement are cogniable [sic] on Federal Habeas Review under the Antiterrorism [and] Effective Death Penalty Act (AEDPA)," and (b) that a federal court considering such a challenge "must determine whether the California [j]udicial decision approving the Board's decision rejecting parole was an unreasonable application' of California's [s]ome [e]vidence requirement, or was based on an unreasonable determination of the facts in light of the evidence," his reliance is misplaced. In Swarthout v. Cooke, - U.S. -, 131 S. Ct. 859 (2011) (per curiam), the Supreme Court rejected the Ninth Circuit's position on the standard of review applicable to California parole denials. There, the Supreme Court held that, even if a California prisoner has a state-created liberty interest in parole, the only federal due process to which a California prisoner challenging the denial of parole is entitled is the minimal procedural due process protections set forth in Greenholtz v. Inmates of Neb. Penal and Corrections Complex, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979) (i.e., an opportunity to be heard, and a statement of reasons for the denial). See Cooke, 131 S. Ct. at 861-62. The Supreme Court observed that, where the records reflect that the prisoners were allowed to speak at the hearings and to contest the evidence, were afforded access to their records in advance, and were notified as to the reasons why parole was denied, "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry into whether [the prisoners] received due process." See id. at 862. Under the Supreme Court's decision in Cooke, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." See id. at 862-63.

Here, as in <u>Cooke</u>, the record reflects that petitioner was allowed to speak at the May 12, 2010 parole consideration hearing and to contest the evidence, was afforded access to his records in advance, and was notified as to the reasons why parole was denied. Indeed, petitioner is not contending in the Petition that he was denied the minimal procedural due process protections set forth in <u>Greenholtz</u>. While petitioner does contend that the California courts incorrectly applied California's "some evidence" rule, whether the California courts did so is not a federal concern under the Supreme Court's decision in <u>Cooke</u>. See, e.g., <u>Roberts v. Hartley</u>, 640 F.3d 1042, 1046 (9th Cir. 2011) (reversing grant of habeas relief under former Ninth Circuit standard in light of <u>Cooke</u> and holding that Due Process Clause satisfied where petitioner had been permitted to speak on his own behalf at the hearing and contest the evidence against him and where the Board had provided an explanation of its decision); <u>Wyrick v. Mendoza-Powers</u>, 2011 WL 835550, at *1 (9th Cir. Mar. 10, 2011)[1] (affirming denial of habeas petition in light of <u>Cooke</u> where petitioner claiming the Board's decision "was not supported by 'some evidence' and therefore violated his due process rights," and not raising any procedural challenges); <u>Kunkler v. Muntz</u>, 2011 WL 830647, at *1 (9th Cir. Mar. 9, 2011) (in light of <u>Cooke</u>, vacating previous order affirming district court judgment granting habeas petition, and instead reversing district court judgment). Indeed, the Ninth Circuit is not even issuing certificates of appealability where petitioners challenging the denial of parole are not claiming that they were denied the minimal procedural due process protections set forth in <u>Greenholtz</u>. See, e.g., <u>Hibbert v. Kane</u>, 468 Fed. Appx. 809, at *1 (9th Cir. Feb. 23, 2012); <u>Rouse v. Goughnour</u>, 467 Fed. Appx. 664, at *1 (9th Cir. Jan. 27, 2012); <u>Deluna v. Curry</u>, 447 Fed. Appx. 790, at *1 (9th Cir. Aug. 16, 2011).

//

---

[1] Ninth Circuit unpublished decisions are now citable for their persuasive value per Ninth Circuit Rule 36-3.

| | |
|---|---|
| 1 | IT THEREFORE IS ORDERED that this case be summarily dismissed |
| 2 | pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States |
| 3 | District Court and that Judgment be entered accordingly. |

DATED: OCT 19 2012

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Robert N. Block
United States Magistrate Judge

5