1
2
3
4
5
6
7

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 10·23·12

DEPUTY CLERK



"0"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

OCT 2 3 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

JOAQUIN LESO FERNANDEZ,

             Petitioner,

        vs.

J. TIM OCHOA, Warden,

             Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 12-1409-DDP (RNB)

ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS
CORPUS

17
18
19
20
21
22
23

     Petitioner is a California state prisoner currently serving a life sentence for second degree murder.  On July 18, 2012, he filed a Petition for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Southern District of California. Since the Petition purported to challenge the outcome of a subsequent parole consideration hearing held at petitioner's place of incarceration in the Eastern Division of the Central District of California, the Petition was transferred to the Central District and filed here on August 22, 2012.

24
25
26
27
28

     The parole consideration hearing at issue took place on May 12, 2010 before a two-member panel of the Board of Parole Hearings (the "Board").  Petitioner was represented by counsel.  A Riverside County Deputy District Attorney and two next-of-kin of the victim also were present.  After examining petitioner about various matters and affording him and his counsel the opportunity to be heard, the Board

1

1 panel advised of its conclusion that petitioner was "not suitable for parole and would
2 pose an unreasonable risk of danger or a threat to public safety if released from prison
3 at this time." The panel also explained the basis for its parole denial. Further, the
4 panel found that petitioner required at least an additional ten years of incarceration.
5 (See Transcript of May 12, 2010 parole consideration hearing, attached to the
6 Petition.)

7      It appears from the Petition and attachments thereto that petitioner filed habeas
8 petitions in turn in the Riverside County Superior Court, the California Court of
9 Appeal, and the California Supreme Court, each of which was denied.

10      Petitioner is making the following claims herein:

11          1.    "The state courts' decision that sanction the Board of Parole
12 Hearings' decision denying petitioner's parole is an unreasonable
13 application of California's some evidence requirement as promulgated
14 by In re Lawrence and In re Shaputis."

15          2.    "Petitioner's 17-year old gang affiliation provide little, if
16 any, predictive value conducive to petitioner's current dangerousness."

17          3.    "The predictive value of the commitment offense is
18 questionable after 17 years and does not form a nexus that establishes
19 current dangerousness."

20

21      Preliminarily, the Court notes that, to the extent petitioner is claiming that the
22 Board's denial of parole violated California constitutional, statutory, regulatory,
23 and/or decisional law, his claims are not cognizable on federal habeas review. See
24 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L.
25 Ed. 2d 385 (1991) (reiterating that "it is not the province of a federal habeas court to
26 reexamine state court determinations on state law questions"); Smith v. Phillips, 455
27 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) (federal courts "may intervene
28 only to correct wrongs of constitutional dimension"); Langford v. Day, 110 F.3d

1    1380, 1389 (9th Cir.) ("We accept a state court's interpretation of state law, . . . and

2    alleged errors in the application of state law are not cognizable in federal habeas

3    corpus."), <u>cert. denied</u>, 522 U.S. 881 (1997).

4         To the extent petitioner purports to be relying on <u>Hayward v. Marshall</u>, 603

5    F.3d 546 (9th Cir. 2010) for the propositions (a) that "due process challenges to

6    California's application of the 'some evidence' requirement are cogniable [sic] on

7    Federal Habeas Review under the Antiterrorism [and] Effective Death Penalty Act

8    (AEDPA)," and (b) that a federal court considering such a challenge "must determine

9    whether the California [j]udicial decision approving the Board's decision rejecting

10    parole was an unreasonable application' of California's [s]ome [e]vidence

11    requirement, or was based on an unreasonable determination of the facts in light of

12    the evidence," his reliance is misplaced.  In <u>Swarthout v. Cooke</u>, - U.S. -, 131 S. Ct.

13    859 (2011) (per curiam), the Supreme Court rejected the Ninth Circuit's position on

14    the standard of review applicable to California parole denials.  There, the Supreme

15    Court held that, even if a California prisoner has a state-created liberty interest in

16    parole, the only federal due process to which a California prisoner challenging the

17    denial of parole is entitled is the minimal procedural due process protections set forth

18    in <u>Greenholtz v. Inmates of Neb. Penal and Corrections Complex</u>, 442 U.S. 1, 16, 99

19    S. Ct. 2100, 60 L. Ed. 2d 668 (1979) (i.e., an opportunity to be heard, and a statement

20    of reasons for the denial).  <u>See</u> <u>Cooke</u>, 131 S. Ct. at 861-62.  The Supreme Court

21    observed that, where the records reflect that the prisoners were allowed to speak at

22    the hearings and to contest the evidence, were afforded access to their records in

23    advance, and were notified as to the reasons why parole was denied, "[t]hat should

24    have been the beginning and the end of the federal habeas courts' inquiry into

25    whether [the prisoners] received due process."  <u>See</u> <u>id.</u> at 862.  Under the Supreme

26    Court's decision in <u>Cooke</u>, "it is no federal concern . . . whether California's 'some

27    evidence' rule of judicial review (a procedure beyond what the Constitution demands)

28    was correctly applied."  <u>See</u> <u>id.</u> at 862-63.

1    Here, as in <u>Cooke</u>, the record reflects that petitioner was allowed to speak at

2  the May 12, 2010 parole consideration hearing and to contest the evidence, was

3  afforded access to his records in advance, and was notified as to the reasons why

4  parole was denied.  Indeed, petitioner is not contending in the Petition that he was

5  denied the minimal procedural due process protections set forth in <u>Greenholtz</u>.  While

6  petitioner does contend that the California courts incorrectly applied California's

7  "some evidence" rule, whether the California courts did so is not a federal concern

8  under the Supreme Court's decision in <u>Cooke</u>.  See, e.g., <u>Roberts v. Hartley</u>, 640 F.3d

9  1042, 1046 (9th Cir. 2011) (reversing grant of habeas relief under former Ninth

10  Circuit standard in light of <u>Cooke</u> and holding that Due Process Clause satisfied

11  where petitioner had been permitted to speak on his own behalf at the hearing and

12  contest the evidence against him and where the Board had provided an explanation

13  of its decision); <u>Wyrick v. Mendoza-Powers</u>, 2011 WL 835550, at *1 (9th Cir. Mar.

14  10, 2011)[1] (affirming denial of habeas petition in light of <u>Cooke</u> where petitioner

15  claiming the Board's decision "was not supported by 'some evidence' and therefore

16  violated his due process rights," and not raising any procedural challenges); <u>Kunkler</u>

17  <u>v. Muntz</u>, 2011 WL 830647, at *1 (9th Cir. Mar. 9, 2011) (in light of <u>Cooke</u>, vacating

18  previous order affirming district court judgment granting habeas petition, and instead

19  reversing district court judgment).  Indeed, the Ninth Circuit is not even issuing

20  certificates of appealability where petitioners challenging the denial of parole are not

21  claiming that they were denied the minimal procedural due process protections set

22  forth in <u>Greenholtz</u>.  See, e.g., <u>Hibbert v. Kane</u>, 468 Fed. Appx. 809, at *1 (9th Cir.

23  Feb. 23, 2012); <u>Rouse v. Goughnour</u>, 467 Fed. Appx. 664, at *1 (9th Cir. Jan. 27,

24  2012); <u>Deluna v. Curry</u>, 447 Fed. Appx. 790, at *1 (9th Cir. Aug. 16, 2011).

25  //

26

27    [1]    Ninth Circuit unpublished decisions are now citable for their persuasive

28  value per Ninth Circuit Rule 36-3.

1    IT THEREFORE IS ORDERED that this case be summarily dismissed

2  pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

3  District Court and that Judgment be entered accordingly.

4

5  DATED: [OCT 19 2012]

6

7                                                  DEAN D. PREGERSON

8                                                  UNITED STATES DISTRICT JUDGE

9

   Presented by:

10

11

12  Robert N. Block
    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28